IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD SATISH EMRIT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEAN "P. DIDDY" COMBS; )<br>BAD BOY ENTERTAINMENT; and )<br>ATLANTIC RECORDS, )<br>)<br>Defendants. ) | Case No. CIV-24-217-D |

## ORDER

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action which allegedly seeks relief for wrongs committed by multiple Defendants. Pursuant to the directives of 28 U.S.C. § 1915, the Court has reviewed the allegations of the complaint [Doc. No. 1]. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> ***
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

**I.     Plaintiff's complaint is frivolous.**

In reviewing the complaint, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972) requires a liberal construction of *pro se* complaints. However, the Court is not required to imagine or assume facts in order to allow a complaint to survive. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "[C]onclusory allegations without supporting factual averments are insufficient." *Id.*

The Court need not recite Plaintiff's allegations at length; indeed, two examples demonstrate their frivolous nature. First, Plaintiff brings a public nuisance claim based on the purported fact that Defendant Sean "P. Diddy" Combs "could perhaps lose his contract with Ciroc vodka." Compl. at 6. Therefore, Plaintiff alleges, "Diddy's billboards for Ciroc on the streets [and] highways are an 'eye sore' given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, false imprisonment, and white slavery . . . ." *Id.*

Oklahoma defines a public nuisance as a nuisance that "affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal." Okla. Stat. tit. 50, § 2. "A private person may maintain an action for a public nuisance if it is specially injurious to himself but not otherwise." *Id.* § 10. The Oklahoma Supreme Court has defined "special injury" as an injury "different in kind, not merely degree, from that suffered by the general public from the act complained of." *McKay v. City of Enid*, 109 P. 520, 522 (Okla. 1910); *see also Schlirf v. Loosen*, 232 P.2d 928, 930 (Okla. 1951) (defining

special injury as an injury "different in kind from that suffered by the public at large"). The Court takes no position on the allegations related to Mr. Combs. But, whatever they may be, Plaintiff comes nowhere close to establishing that the referenced billboards are specially injurious—*i.e.*, the billboards inflict on Plaintiff an injury different from that suffered by the general public.

Next, Plaintiff brings a product liability claim based on the alleged "negligent entrustment of allowing Sean 'P. Diddy' Combs to represent Ciroc vodka and Sean John at department stores like Macy's." *Id.* at 7. Noticeably absent from the complaint, however, are *any* allegations related to the actual elements of a product liability claim. Nothing in the complaint could plausibly support Plaintiff's product liability claim. *See Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1085 (10th Cir. 2013) ("The Oklahoma Supreme Court has identified three elements to a products liability claim: the defect must have (1) caused the injury in question, (2) existed at the time it left the manufacturer's control, and (3) made the product unreasonably dangerous.") (citing *Kirkland v. Gen. Motors Corp.,* 521 P.2d 1353, 1363 (Okla. 1974)).

Simply put, Plaintiff's complaint is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."); *see also Robinson v. Love*, 155 F.R.D. 535, 536 (E.D. Pa. 1994) ("While the Court cannot discount with mathematical certainty the allegations in this case, the Court finds that, standing alone and in the absence of further factual detail, plaintiff's claims are so fanciful as to render each of his claims 'clearly baseless.'") (citing *Denton v. Hernandez*, 504 U.S. 25, 32

(1992)).[1] Therefore, the Court is required to dismiss this case. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Even assuming Plaintiff's complaint is not frivolous, Plaintiff alleges no facts showing that the Court has subject-matter jurisdiction.

Even assuming Plaintiff's complaint is not otherwise frivolous, the Court is mindful of its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks

---

[1] To this end, the Court takes judicial notice of orders from numerous other federal district courts, which detail Plaintiff's history of bringing frivolous claims similar to those set forth in the complaint. For example, the Southern District of California recently documented Plaintiff's history of filing frivolous cases:

> A search of the Pacer electronic database as of the date of this Order reveals over two hundred civil cases and appeals in the federal court system filed under the name Ronald Satish Emrit. Mr. Emrit has been sanctioned by the Western District of Texas, which determined that he "abuses the *in forma pauperis* process and clogs the federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (listing cases). The Northern District of Texas has twice rejected Mr. Emrit's attempts to obtain IFP status to bring his frivolous lawsuits and required him to pay the required filing fee to proceed. *See Emrit & Leal-Martinez v. Binder & Binder*, No. 3:14-CV-3844-D, ECF No. 20 (N.D. Tex. June 8, 2015), *rep. and rec. adopted*, ECF No. 22 (N.D. Tex. June 30, 2015); *Emrit v. Wells Fargo Bank Inc.*, No. 4:18-cv-00091-O, ECF No. 5 (N.D. Tex. Feb. 8, 2018). Further, Mr. Emrit has been barred from filing suits without leave of court in at least three federal district courts. *See Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No.: 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D. Nev. Jan. 14, 2016); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015); *Emrit v. Time Warner, Inc.*, No. 1:14-cv-00314-LAP, ECF No. 13 (S.D.N.Y. May 16, 2014).

*Merit v. Zuckerberg San Francisco Gen. Hosp.*, No. 18-cv-0316-BAS-JMA, 2018 WL 11472391, at *1 (S.D. Cal. Feb. 13, 2018). It also appears that Plaintiff recently filed a case in the Western District of Virginia involving the very same frivolous claims alleged here. *See Emrit v. Combs, et al.*, No. 3:24-CV-00005, 2024 WL 945316 (W.D. Va. Mar. 5, 2024) (dismissing case for lack of subject-matter jurisdiction).

subject-matter jurisdiction, the court must dismiss the action."). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quotation marks and citation omitted). Regardless of his *pro se* status, Plaintiff is required to allege facts in his complaint sufficient to show the Court has subject-matter jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 (10th Cir. 2014) (noting that a *pro se* plaintiff "must allege facts in his complaint to show that the district court had jurisdiction, such as federal question or diversity jurisdiction").

Here, Plaintiff fails to allege facts establishing that the Court has subject-matter jurisdiction. Although the complaint includes a "jurisdiction and venue" section, *see* Compl. at 3, all of the alleged facts appear aimed at establishing diversity jurisdiction in the Eastern District of Pennsylvania. Of course, Plaintiff filed this case in the Western District of Oklahoma, rendering inapplicable any discussion of the Eastern District of Pennsylvania as it relates to diversity jurisdiction. Further, Plaintiff's complaint sets forth three causes of action: (1) public nuisance; (2) tortious interference with business relations; and (3) product liability. *See id.* at 6-7. Each of these causes of action arise under state law, thus foreclosing the possibility that the Court has federal-question jurisdiction.[2] In short,

---

[2] The complaint's "jurisdiction and venue" section states that the Court has subject-matter jurisdiction in this case because Plaintiff asserts claims arising under "Title VII of the Civil Rights Act of 1974, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Compl. at 4. The Court assumes that this allegation—like Plaintiff's allegations related to the Eastern District of Pennsylvania—is the product of Plaintiff copy-and-pasting from a different complaint.

nothing in Plaintiff's complaint comes close to showing that the Court has subject-matter jurisdiction in this case.

## CONCLUSION

Because Plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2), and because Plaintiff fails to allege facts establishing that the Court has subject-matter jurisdiction, Plaintiff's complaint is **DISMISSED** without prejudice. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 8th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge